UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-20976-MIDDLEBROOKS/MCALILEY

TOBIAN EUGENE PONDER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Tobian Eugene Ponder's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (the "Motion"), (ECF No. 3), which the Honorable Donald M. Middlebrooks referred to me for a report and recommendation. (ECF No. 4). The government filed a Response, Ponder a Reply and, at the Court's direction, the government a Surreply. (ECF Nos. 7, 8, 9, 10). For the reasons explained below, I recommend that the Court grant the Motion and resentence Ponder at a new sentencing hearing.

**I.    BACKGROUND**

In 1997, a federal grand jury charged Ponder in an eleven-count indictment with: one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 2, 4, 6, and 8); four counts of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 3, 5, 7, and 9); one count of knowingly

possessing a firearm having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count 10); and one count of possessing a stolen firearm knowing or having reasonable cause to believe that it was stolen, in violation of 18 U.S.C. § 922(j) (Count 11). (CR ECF No. 1).[1]

A jury convicted Ponder on all counts. (CR ECF No. 69). The evidence at trial established that when Ponder was 20 years old, he conspired with his co-defendants to commit robberies at four restaurants: two Burger Kings, a Subway, and a McDonald's. (ECF No. 7 at 4-5). Ponder and others then committed the robberies using firearms and demanding money from employees. (*Id.*). At one of the Burger King restaurants, its owner pulled out a gun, and Ponder responded by striking him on the head with his gun. (*Id.* at 4). They struggled, and the owner's gun fired at least twice. (*Id.*).[2]

This Court determined that Ponder's mandatory guideline range was 235 to 293 months, after a downward departure based on the nature of Ponder's previous offenses and time period between the offenses. (CR ECF No. 88 at 8-10). The Court found that the career offender status overrepresented his criminal history category. (*Id.* at 10).

In August 1998, this Court sentenced Ponder to a total term of imprisonment of 1,015 months (over 84 years): 235 months as to Counts 1, 2, 4, 6, and 8 (concurrent with each other), 120 months as to Counts 10 and 11 (concurrent with each other and with

---

[1] Citations to the criminal docket, 97-cr-00162-DMM, are denoted with "CR ECF No."

[2] I rely on the government's memorandum, (ECF No. 7), for this information. It does not make clear how the owner's gun discharged.

Counts 1, 2, 4, 6, and 8), a mandatory 60-month minimum as to Count 3 (the first § 924(c) conviction, to run consecutively), and mandatory 240-month minimums as to each of Counts 5, 7, and 9 (the subsequent § 924(c) convictions, to run consecutively to all other counts). (CR ECF No. 88 at 4).

This Court further ordered that Ponder, upon his release, be under supervised release for 3 years as to all counts (to run concurrently) and that he pay a special assessment of $1,100.00 and restitution of $4,283.00. (*Id.* at 5-6). Ponder is now serving his sentence of imprisonment and, according to the Bureau of Prisons, has a release date of November 4, 2068. Ponder appealed to the Eleventh Circuit Court of Appeals and it affirmed his convictions. (CR ECF No. 111).

From 2000 to 2016, Ponder filed three motions for habeas relief under § 2255. (CR ECF Nos. 133, 154, 166). This Court denied all motions, either on the merits or on procedural grounds. (CR ECF Nos. 137, 158; *Ponder v. United States*, Case No. 16-cv-22582-DMM, ECF No. 7).

In February 2020, Ponder petitioned the Eleventh Circuit for authorization to file this successive § 2255 Motion, to challenge the lawfulness of all of his § 924(c) convictions (in Counts 3, 5, 7, and 9). (ECF No. 1). The Eleventh Circuit granted Ponder's application only as it applied to Count 3, stating he "has made a *prima facie* showing that he is entitled to relief under [*United States v. Davis*, 139 S. Ct. 2319 (2019)] . . . . His § 924(c) conviction on Count 3 was predicated solely on the conspiracy to commit Hobbs Act robbery described in Count 1, and conspiracy to commit Hobbs Act robbery does not qualify as a

crime of violence under § 924(c)(3)(A)'s elements clause." (ECF No. 1 at 6-7) (citing *Brown v. United States*, 942 F.3d 1069, 1075-76 (11th Cir. 2019)).[3]

In his pending § 2255 Motion, Ponder asks this Court to vacate his conviction and sentence on Count 3, for using or carrying a firearm during and in relation to a crime of violence, in violation of § 924(c), in light of *Davis*, 139 S. Ct. at 2336, and *Brown*, 942 F.3d at 1075-76. (ECF No. 3 at 4). Ponder further asks this Court to exercise its discretion under the "sentencing package doctrine" to resentence him on all remaining counts consistent with current law. (ECF No. 8). Ponder makes that request plainly hoping this Court will reduce his sentence on the surviving counts of conviction, but without stating what sentence he will ask the Court to impose. (*Id.* at 11). The government does not oppose Ponder's requests. (ECF Nos. 7 at 1; 10).

For the reasons explained below, I agree that the Court must vacate Ponder's Count 3 conviction and sentence. This will also require the Court to address, at minimum, the sentence on Count 5 because, absent the conviction on Count 3, Count 5 is the first § 924(c) conviction, and as such, carries a mandatory 5-year minimum sentence (not the higher mandatory minimum sentence the Court imposed in 1998). For this reason and others Ponder has raised, and noting the government's agreement, I recommend that the Court resentence Ponder at a hearing, at which time the Court may consider whether it wishes to resentence Ponder on any of the remaining counts.

---

[3] The Eleventh Circuit denied Ponder's request as to Counts 5, 7, and 9 because those convictions were predicated on Hobbs Act robbery, which qualifies as a crime of violence under § 924(c)'s elements clause. (ECF No. 1 at 6).

## II.   ANALYSIS

### A. Standard of Review

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### B. Vacating the Conviction and Sentence on Count 3

The crime charged in Count 3 – using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) – alleged that the crime of violence was the conspiracy to commit Hobbs Act robbery charged in Count 1. *See* (CR ECF No. 1 at 3). Section 924(c)(3) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first definition, at subsection (A), is commonly known as the "elements clause" and the definition at subsection (B) is known as the "residual clause."

To be guilty of Count 3, the predicate offense of conspiracy to commit Hobbs Act

5

robbery had to satisfy either the elements or residual clause definitions of a crime of violence. Ponder correctly claims, and the government agrees, that conspiracy to commit Hobbs Act robbery is not a crime of violence under either definition in § 924(c)(3). (ECF Nos. 3 at 5-7; 7 at 5). Specifically, as for the residual clause, the Supreme Court recently found that it is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. And, the Eleventh Circuit held that this new substantive rule of law applies retroactively on collateral review. *In re Hammond*, 931 F.3d 1032, 1039 (11th Cir. 2019). And, as for the elements clause, the Eleventh Circuit concluded that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c)(3)(A). *Brown*, 942 F.3d at 1075-76.

I therefore agree with the parties that Ponder's conviction on Count 3 violates the Constitution or laws of the United States, because conspiracy to commit Hobbs Act robbery does not meet the definition of a crime of violence set forth in § 924(c)(3). *See Cazy v. United States*, 819 F. App'x 803, 805 (11th Cir. 2020) (remanding for vacatur of the § 924(c) conviction because conspiracy to commit Hobbs Act robbery "does not qualify as a crime of violence under § 924(c)'s now-defunct residual clause in light of *Davis*, nor does it qualify under § 924(c)'s elements clause in light of *Brown*."). I thus recommend that the Court vacate Ponder's conviction and sentence on Count 3.

### C. Resentencing

Courts have broad discretion in deciding the appropriate remedy when they grant a § 2255 motion. *United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018). Ponder asks

this Court to apply the "sentencing package doctrine" and to exercise its discretion to resentence him on all remaining counts consistent with current law. (ECF No. 8). The "sentencing package doctrine" recognizes that sentences on multiple counts are part of a sentencing package. *Brown*, 879 F.3d at 1239.[4] When a court sentences on multiple counts, sentencing is an "inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence." *Id.*

Resentencing on the various counts in this case is highly interrelated, and for this reason alone, I recommend that the Court do so at a sentencing hearing. The Court must do more than simply vacate the conviction and sentence on Count 3, and issue a new judgment that reflects that change (*i.e.,* reducing the total period of incarceration by 60 months). With Count 3 eliminated, under the law in place in August 1998 when the Court first sentenced Ponder, the mandatory minimum sentence for Count 5 – which is now the first § 924(c) count of conviction – would drop from 20 to 5 years.[5] Under the 1998 law, the mandatory

---

[4] Courts have exercised discretion under the "sentencing package doctrine" to resentence a defendant on the counts that remain after one or more convictions have been vacated. *See United States v. Pearson*, 940 F.3d 1210, 1215 n.10 (11th Cir. 2019) ("[T]he sentencing package doctrine allows the District Court here to modify the Count One and Count Three sentences, even though those sentences were authorized by law and not open to collateral attack, because a sentence imposed on a separate count—the Count Five sentence—had a constitutional problem."); *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014) ("[T]he district court should be free to reconstruct the sentencing package . . . to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances.").

[5] In August 1998, § 924(c)(1) provided that the mandatory minimum period of incarceration for a second or subsequent § 924(c) conviction was twenty years. *See* 18 U.S.C. § 924(c)(1) (1998) (effective Oct. 11, 1996). That provision was amended, effective November 13, 1998, to increase the minimum term to 25 years, and that law is still in effect today. *See* 18 U.S.C. § 924(c)(1)(C) (1999) (effective Nov. 13, 1998); *see also* 18 U.S.C. § 924(c)(1)(C) (2020) (effective Dec. 21, 2018). Of course the statutory maximum is much higher, and the Court would have, among its

minimum sentences for Counts 7 and 9 would remain 20 years. But, as noted below, if at a resentencing the Court applies current law, the mandatory minimum sentences on Counts 7 and 9 is now 5 years.

Ponder urges the Court to resentence him *de novo* for another reason: since 1998, there have been four significant changes or clarifications of the law that would authorize the Court to impose a lesser period of incarceration. (ECF No. 8 at 6).

First, the United States sentencing guidelines are no longer mandatory. *United States v. Booker*, 543 U.S. 220 (2005). Ponder notes decisions and comments the Court made when it sentenced him in 1998, that suggest this change may be significant to the Court at resentencing. In 1998, the Court downward departed and sentenced Ponder to 235 months, the low end of the guideline range on those counts that did not mandate a statutory minimum period of incarceration. (CR ECF No. 88). The Court stated that it was "sympathetic" to defense arguments "that applying the guidelines results in a very heavy sentence." (ECF No. 8 at 7) (citing the sentencing transcript).[6] The Court also stated that it "d[idn't] want to applying [sic] these guidelines in a way that adds to this sentence if it can be avoided." (ECF No. 3 at 2). The now-discretionary nature of the guidelines would

---

options, to impose a sentence of more than 5 years on Count 5, but in doing so it would have to address the fact that it is now bound by a 5-year minimum, but chooses to impose a higher penalty for whatever reasons it might to do so. The point is that at a new sentencing hearing the Court can make a clear record of its reasons for any changes, or not, to the sentence on the surviving § 924(c) convictions. I believe the Court would be greatly aided, in that process, by an amended Presentence Report.

[6] I rely on Ponder's memorandum that quotes the sentencing transcript, as that transcript is not available on the docket. *See* (CR ECF No. 105).

allow the Court to address its apparent concerns, in 1998, that the term of imprisonment it felt constrained to impose was too lengthy.

Second, the Supreme Court recently clarified in *Dean v. United States*, 137 S. Ct. 1170, 1178 (2017), that a sentencing court may consider the consecutive mandatory minimum penalties required by § 924(c), when it determines a period of incarceration on the predicate counts. The district court in *Dean* believed that a mandatory minimum sentence of 30 years imprisonment on the § 924(c) offenses, plus one day of incarceration on each of the predicate counts, was a "more than sufficient" sentence. *Id.* at 1175. The court, however, erroneously believed § 924(c) precluded such a sentence because the Court was "required to disregard Dean's 30-year mandatory minimum when determining the appropriate sentences for Dean's other counts of conviction." *Id.* The district court therefore sentenced Dean to 40 months on the predicate counts. *Id.* When Dean challenged the district court's interpretation of § 924(c), the Supreme Court reversed and found that § 924(c) did not prevent the district court from imposing a one-day sentence on the predicate counts, so long as the § 924(c) sentences run consecutively. *Id.* at 1178.

Again, Ponder quotes remarks the Court made when sentencing in 1998, that may indicate it felt constrained to impose a longer period of incarceration than it believed appropriate. Specifically, the Court noted that even with its departure to 235 months on the non-§ 924(c) counts, "with the [additional] 65 years [on the § 924(c) counts], it is still a sentence that is certainly difficult to perform." (ECF No. 8 at 8). Given the Supreme Court's clarification in *Dean*, at a *de novo* resentencing the Court may consider the mandatory

9

minimum penalties it must impose on the § 924(c) counts, if it wishes to reconsider the sentence on the predicate counts.

Third, the Court may consider Ponder's post-sentence rehabilitation, which may support a downward variance on the punishment for the non-§ 924(c) offenses. *See Pepper v. United States*, 562 U.S. 476, 490 (2011). In *Pepper*, the Supreme Court concluded that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Id.* Ponder asserts that in his 23 years in custody he has been a model inmate and has participated in numerous programs to rehabilitate himself, and he would like the Court to consider this at resentencing. (ECF No. 8 at 9). If verified, this information may be relevant to several factors in 18 U.S.C. § 3553(a), including Ponder's history and characteristics, the need for the sentence imposed, adequate deterrence and the protection of the public. *Pepper*, 562 U.S. at 491.

Fourth, Congress clarified in the First Step Act of 2018 that under § 924(c)(1)(C), a 25-year mandatory minimum sentence for a second or subsequent § 924(c) conviction is permissible only if the defendant was convicted of a § 924(c) offense in a prior case which has become final. When this Court sentenced Ponder, *Deal v. United States*, 508 U.S. 129 (1993) controlled. Under *Deal*, courts were required to impose a 20-year mandatory minimum sentence for a "second or subsequent conviction" pursuant to § 924(c)(1) when the second or subsequent conviction was part of the same prosecution. 508 U.S. at 132.

Consistent with *Deal*, this Court sentenced Ponder on Counts 5, 7, and 9, to 20-year minimum sentences on each count, to run consecutively to one another and to the 5-year minimum sentence on Count 3. Importantly, Ponder has no § 924(c) convictions from any prior prosecution. (ECF No. 8 at 10). In 2018, Congress enacted Section 403 of the First Step Act, and this superseded *Deal*. Under Section 403, Congress revised § 924(c)(1)(C) to provide that the "second or subsequent conviction" applies only to a prior § 924(c) conviction that has become final.[7] A U.S. Sentencing Commission chart illustrates the change:

| 924(c) Counts of Conviction in the Same Indictment | BEFORE the First Step Act | AFTER the First Step Act |
| --- | --- | --- |
| 1 Count | Mandatory minimum of 5 years | Mandatory minimum of 5 years |
| 2 Counts | Mandatory minimum of 5 + 25 = 30 years | Mandatory minimum of 5 + 5 = 10 years |
| 3 Counts | Mandatory minimum of 5 + 25 + 25 = 55 years | Mandatory minimum of 5 + 5 + 5 = 15 years |

United States Sentencing Commission, Office of Education and Sentencing Practice, *First Step Act*, at 4 (Feb. 2019), https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf. Ponder, therefore, is not now subject to the 25-year mandatory minimum sentences on Counts 5, 7, and 9, if this Court resentences him under current law.

---

[7] *Compare* § 924(c)(1)(C) (2020) ("In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final . . . ."), *with* § 924(c)(1) (1998) ("In the case of his second or subsequent conviction under this subsection . . . .").

For all of these reasons, and upon agreement of the parties, I respectfully recommend that the Court exercise its discretion under the sentencing package doctrine to resentence Ponder, *de novo*, on all remaining counts.

## III. RECOMMENDATION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court: (i) **GRANT** the Motion to Vacate, Set Aside or Correct Sentence, (ECF No. 3), (ii) **VACATE** Ponder's conviction and sentence on Count 3, and (iii) **RESENTENCE** Ponder at a sentencing hearing in criminal case *United States v. Ponder*, Case No. 97-cr-00162-DMM.

## IV. OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida, this 16th day of December 2020.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to: Honorable Donald M. Middlebrooks
Counsel of Record