UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-20976-CIV-MIDDLEBROOKS/MCALILEY
(97-00162-CR-MIDDLEBROOKS)

TOBIAN EUGENE PONDER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on Magistrate Judge Chris McAliley's Report and Recommendation ("Report") (DE 11), recommending granting Movant Tobian Eugene Ponder's counseled Motion to Vacate, pursuant to 28 U.S.C. §2255 (DE 3).

Movant was convicted, for Count 3, under 18 U.S.C. § 924(c) predicated solely on a conspiracy to commit Hobbs Act robbery offense which was charged in Count 1. Conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(cc)(3)(A)'s elements clause. *See Brown v. United States*, 942 F.3d 1069, 1075-76 (11th Cir. 2019). Accordingly, the Report recommends, and the government concedes, that Movant's conviction and sentence on Count 3 should be vacated. Upon *de novo* review of the Report and the record in this case, I agree.

Based upon the foregoing, I will grant Movant's § 2255 motion and also grant Movant a full resentencing hearing. I note that the Government has objected to the Report on the sole ground that the First Step Act's change to §924(c)'s "stacking" provision is not

retroactive and therefore should not be applied at the resentencing. (DE 12). Movant filed a response to the Government's objections, asserting that application of the First Step Act's amendments to §924(c) within the context of a resentencing following vacatur of a conviction in a habeas proceeding does not constitute a "retroactive" application of the law. (DE 13). As to that one issue, I will reserve ruling until the resentencing hearing. I will otherwise adopt the Report in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) The Report (DE 11) is **ADOPTED** to the extent set forth above.

(2) Movant Tobian Eugene Ponder's Motion to Vacate pursuant to 28 U.S.C. § 2255 (DE 3) is **GRANTED.**

(3) Final judgment shall be entered by separate Order.

(4) Movant's conviction and sentence as to Count 3 in the underlying criminal case (97-00162-CR-MIDDLEBROOKS), will be vacated by separate Order, and a resentencing hearing will be scheduled thereafter.

(5) The Government's objections to the Report (DE 12) shall be taken under advisement and determined at the resentencing hearing.

(6) <u>Certificate of Appealability:</u> Because I am granting Movant the habeas relief he requests, it does not appear necessary to make any determination about whether to issue a certificate of appealability. However, to the extent that my decision is appealable, I decline to issue a certificate of appealability after having considered the standard set forth in 28 U.S.C. § 2253(c)(2).

**SIGNED** in Chambers at West Palm Beach, Florida, this 14th day of April, 2021.

Donald M. Middlebrooks
United States District Judge